# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0718V
UNPUBLISHED

| | |
|---|---|
| FRANK POLETO,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 22, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Matthew F. Belanger*, Faraci Lange, LLP, Rochester, NY, for petitioner.

*Amanda Pasciuto*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On June 15, 2020, Frank Poleto filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine received on January 5, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 15, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On April 21, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $159,435.78. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $159,435.78 (including $157,500.00 representative of pain and suffering and $1,935.78 representative of out of pocket medical costs and related expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                        **s/Brian H. Corcoran**
                                        Brian H. Corcoran
                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| FRANK POLETO,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 20-0718V<br><br>Chief Special Master Brian H. Corcoran |

## PROFFER ON AWARD OF COMPENSATION[1]

### I.    Procedural History

On June 15, 2020, Frank Poleto ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. He alleges that he suffered from Guillain-Barre Syndrome ("GBS") resulting from an influenza ("flu") vaccination administered on January 5, 2019. *See* Petition at 1. On January 15, 2021, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. (ECF No. 21). The same day, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury. (ECF No. 22).

### II.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$159,435.78,** for all damages, including $157,500.00 representative of pain and

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

suffering, and $1,935.78 representative of out-of-pocket medical and related expenses. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees. Petitioner is a competent adult. Evidence of guardianship is not required in this case.

### III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$159,435.78** in the form of a check payable to petitioner.[2]  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

/s/ Amanda Pasciuto
AMANDA PASCIUTO
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-4847
Amanda.Y.Pasciuto@usdoj.gov

E-Filed:   April 21, 2021

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.